IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 WELFARE FUND, | )<br>)<br>) |
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 PENSION FUND, | )<br>)<br>) |
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 JOINT APPRENTICESHIP FUND, | )<br>)<br>)<br>) |
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 INDUSTRY ADVANCEMENT FUND, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| JOHNSON CONTROLS, INC., a Wisconsin corporation, | )<br>)<br>) |
| Defendant. | ) |

CIVIL ACTION

NO. 21-cv-4133

JUDGE

## **COMPLAINT**

The Plaintiffs, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 WELFARE FUND, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 PENSION FUND, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 JOINT APPRENTICESHIP FUND, and PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 25 INDUSTRY ADVANCEMENT FUND, by their attorneys, complaining of the Defendant, JOHNSON CONTROLS, INC., a Wisconsin corporation, allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (herein-

after referred to as "ERISA").  Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs are various welfare, pension and related joint, labor-management funds and bring this action as "employee welfare benefit funds" and "plans" under ERISA.  Plaintiffs Funds are administered within this district and division at 4600 46th Avenue, Rock Island, Illinois.

3. Defendant is obligated to make fringe benefit contributions to the Funds, under the terms of the Agreements and Declarations of Trust, establishing and outlining the administration of these Funds, and, pursuant to the terms of a collective bargaining agreement adopting these Agreements and Declarations of Trust and entered into by Defendant with Plumbers Local 25.

4. As an employer obligated to make fringe benefit contributions to the Funds, Defendant is specifically required to do the following:

   (a) To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

   (b) To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

   (c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

   (d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of ten (10%) percent of any and all contributions which are not timely received by Plaintiffs for a particular month, as specified fully in Paragraph 4(a) above, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

(e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

(f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

(g) To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

5. Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the plans in the following respects:

> Defendant has failed and refused to submit all records required by Plaintiffs' auditors to complete the review of its various payroll records for the time period January 1, 2016 through December 31, 2018 in order to verify the accuracy of its past reports and to determine what additional contributions, if any, may be due the Plaintiffs.

6. That upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendant, the total amount due is unknown, based upon Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

7. Plaintiffs have requested that Defendant fully perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

8. Defendant's continuing refusal and failure to fully perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A)  That a full and complete account be taken as to all employees of Defendant covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(B)  That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plan and in ERISA;

(C)  That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs with the information required to be provided thereon, to continue to submit such reports while this is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(D)  That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

/s/   Patrick N. Ryan

Catherine M. Chapman
Patrick N. Ryan - Lead Counsel
Attorneys for the Plaintiffs
Baum Sigman Auerbach & Neuman, Ltd.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6278364
Telephone:  (312) 216-2573
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

I:\25j\Johnson Controls\#29592\complaint.pnr.df.wpd